**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **SYNTHES, INC. and** | : | **CIVIL ACTION** |
| **DEPUY SYNTHES SALES, INC.** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **GREGORY KNAPP** | : | **NO. 13-3285** |

**MEMORANDUM OPINION**

Savage, J.                                                                    October 11, 2013

In this action to enforce a non-competition agreement and a non-disclosure agreement brought by his former employer, Depuy Synthes Sales, Inc. ("Depuy"), and its parent, Synthes, Inc. ("Synthes"), the defendant, Gregory Knapp, has moved to dismiss, stay or transfer the action to the Eastern District of California where he has already initiated an action to have the agreements declared unenforceable.  Invoking the first-filed rule and 28 U.S.C. § 1404(a), Knapp argues that because this action was filed five days after he had filed an action against Depuy in the Eastern District of California, a more convenient forum, this case should be dismissed, stayed or transferred.  Opposing the motion, plaintiffs rely upon a forum selection provision in the non-compete agreement and they claim that Knapp filed the California action in bad faith and in anticipation of this action.  Additionally, they argue that Knapp has failed to meet his burden under § 1404(a) to justify transfer from the plaintiffs' preferred forum.

We must determine whether the forum selection provision trumps the first-filed rule and whether exceptions to the rule apply.  If the first-filed rule does not apply,

we then analyze whether the action should be transferred pursuant to 28 U.S.C. § 1404(a).

We conclude that the case should be transferred to the Eastern District of California because it is the more convenient forum and the first-filed rule should be applied.  Therefore, the motion to transfer will be granted.

## Background Facts

Knapp, a citizen of California, is a former employee of Depuy.  Compl. ¶ 7. During his tenure with Depuy, Knapp worked in and around Sacramento, California. Compl. ¶¶ 2, 9.  Depuy's principal place of business is in Raynham, Massachusetts and Synthes, Depuy's parent, has its principal place of business in West Chester, Pennsylvania.  Compl. ¶¶ 5-7.  Plaintiffs claim that although Depuy is a Massachusetts corporation, it has significant operations located in West Chester, Pennsylvania. Compl. ¶ 6.

Depuy and Synthes allege that Knapp breached a Confidentiality, Non-Solicitation and Non-Competition Agreement ("Non-Compete Agreement") and an Employee Innovation and Non-Disclosure Agreement ("Non-Disclosure Agreement"). Compl. ¶¶ 3, 68, 73.  Knapp and Synthes Spine Company, L.P., a predecessor of Depuy, executed the Non-Compete Agreement in February of 2006.  Compl., Ex. B. The parties to the Non-Disclosure Agreement, Knapp and Synthes U.S.A., a subsidiary corporation of Synthes, entered into that agreement in October of 1994.  Compl., Ex. A. Plaintiffs also bring claims against Knapp for breach of fiduciary duty and misappropriation of trade secrets.  Compl. ¶¶ 78-79, 94.

**The First-Filed Rule**

The first-filed rule requires, absent extraordinary circumstances, that cases sharing substantially similar subject matter and subject to concurrent federal jurisdiction be decided by the court where the litigation was first filed. *E.E.O.C. v. Univ. of Pennsylvania*, 850 F.2d 969, 971 (3d Cir. 1988), *aff'd on other grounds*, 493 U.S. 182 (1990); *Villari Brandes & Kline, P.C. v. Plainfield Specialty,* No. 09-2552, 2009 WL 1845236, at *6 (E.D. Pa. June 26, 2009) (Bartle, J.); *Koresko v. Nationwide Life Ins. Co.*, 403 F. Supp. 2d 394, 399 (E.D. Pa. 2005) (Robreno, J.). The rationale for the rule is the desire for sound judicial administration and comity among federal courts of equal stature. *EEOC*, 850 F.2d at 971. It is also designed to relieve a party who first brings a controversy into a court of competent jurisdiction from vexation of multiple litigations covering the same subject matter. *QVC, Inc. v. Patiomats.com, LLC*, No. 12-3168, 2012 WL 3155471, at *3 (E.D. Pa. Aug. 3, 2012) (Schiller, J.).

Although its application is typically the norm, the first-filed rule is not applied rigidly. *EEOC*, 850 F.2d at 976. Exceptions, though rare, do exist.[1] They are: (1) the existence of rare or extraordinary circumstances; (2) the first-filer engaged in inequitable conduct; (3) he acted in bad faith; (4) he engaged in forum shopping; (5) the later-filed action has developed further than the first-filed action; and (6) the first-filing party instituted suit in one forum in anticipation of the opposing party's imminent suit in a less favorable forum. *EEOC*, 850 F.2d at 972, 976.

---

[1] Courts in this circuit diverge on whether adherence to the first-filed rule is commonplace. *Compare, e.g., Koresko*, 403 F. Supp. 2d at 400 ("[D]ue consideration to the orderly administration of justice counsels in favor of ordinarily respecting the first-filed rule") and *Southampton Sports Zone, Inc. v. ProBatter Sports, LLC*, No. 03-3185, 2003 WL 22358439, at *4 (E.D. Pa. Sept. 10, 2003) (Dubois, J.) (departures from the first-filed rule are rare) *with FMC Corp. v. AMVAC Chem. Corp.*, 379 F. Supp. 2d 733, 744 (E.D. Pa. 2005) (exceptions to the first-filed rule are not rare, rather, departure occurs where justice requires).

Plaintiffs argue that we should depart from the first-filed rule because Knapp engaged in patent forum shopping and inequitable conduct, his action is an improper anticipatory one, and the action later filed in this district asserts claims not included in the first-filed action.   Hence, we must determine whether there are exceptional circumstances warranting a departure from the first-filed rule.

Knapp's behavior in filing a declaratory judgment action on the same day that he resigned from Depuy was not inequitable and anticipatory.  That the California action is for a declaratory judgment does not supply a basis for not applying the first-filed rule. The rule has been regularly applied in actions where the first-filed case was a declaratory judgment action.  *Fischer & Porter Co. v. Moorco Int'l, Inc.*, 869 F. Supp. 323, 325 (E.D. Pa. 1994) (Brody, J.) (first-filed rule routinely applied where first suit is an action for declaratory judgment); *Koresko*, 403 F. Supp. 2d at 401 (same); *Pep Boys, Manny, Moe & Jack v. Am. Waste Oil Servs. Corp.*, No. 96-7098, 1997 WL 367048, at *6 (E.D. Pa. June 25, 1997) (Kelly, J.); *Peregrine Corp. v. Peregrine Indus., Inc.,* 769 F. Supp. 169, 174 (E.D. Pa. 1991) (Huyett, J.) (applying first-filed rule in favor of declaratory judgment action filed in California).

Because one of the cases involves claims that are not asserted in the other does not necessarily preclude application of the first-filed rule where the core facts are similar and the causes of action in both arise out of the same employment relationship and conduct.  To hold otherwise would ignore the rationale for the rule – comity and efficient judicial administration.

Those district court decisions holding that the two cases must be duplicative for the first-filed rule to apply rest on an interpretation of the Third Circuit's decision in

*Grider v. Keystone Health Plan Ctr., Inc.*, 500 F.3d 322 (3d Cir. 2007).   They have

concluded that the rule is narrowly restricted to only those cases that are identical.  *See*,

e.g., *PhotoMedex, Inc. v. St. Paul Fire & Marine Ins. Co.*, No. 09-00896, 2009 WL

2326750, at *5 (E.D. Pa. July 28, 2009); *CertainTeed Corp. v. Nichiha USA, Inc.*, No.

09-3932, 2009 WL 3540796, at *3-4 (E.D. Pa. Oct. 29, 2009).

The language relied upon by these courts is that "the issues must have such an

identity that a determination in one action leaves little or nothing to be determined in the

other."   *Grider*, 500 F.3d at 333 n.6.   This language, appearing in a footnote, was

dictum.  It was not necessary for the *Grider* court's holding that the All Writs Act does

not allow a federal court to enjoin parties to litigation in another federal jurisdiction from

participating in a settlement that could dispose of claims currently pending in the first

court.  *See United States v. Warren,* 338 F.3d 258, 266 n.5 (3d Cir. 2003) ("[A]mong the

propositions of law enunciated by [a judge], only those which he appears to consider

necessary for his decision are said to . . . amount to more than an *obiter dictum*").

Dictum in a court of appeals' decision does not bind lower courts.  *See, e.g.*, *Am. Civil

Liberties Union of New Jersey ex rel. Lander v. Schundler*, 168 F.3d 92, 98 n.6 (3d Cir.

1999); *Warren*, 338 F.3d at 265 ("Gratuitous statements in an opinion that do not

implicate the adjudicative facts of the case's specific holding do not have the bite of

precedent.  They bind neither coordinate nor inferior courts in the judicial hierarchy").

Thus, we do not believe the Third Circuit has held that the first-filed rule requires the two

cases to be duplicative or identical.

Other district court decisions post-*Grider* have held that the cases need not

necessarily be identical for the first-filed rule to apply.  *Villari*, 2009 WL 1845236, at *6

(rule "not limited to mirror image cases where the parties and the issues perfectly align"); *QVC*, 2012 WL 3155471, at *3 (first-filed rule permitted transfer of action where party in second action was not a party in first-filed action); *Colony Nat. Ins. Co. v. UHS Children Serv., Inc.*, No. 09-2916, 2009 WL 3007334, at *2, n.4 (E.D. Pa. Sept. 11, 2009) (Robreno, J.) (additional issue did not "create such a divergence in subject matter to negate the application of the first-filed rule since substance involved interpretation of the terms of [policy at issue]"); *Maximum Human Performance, Inc. v. Dymatize Enter., Inc.*, No. 09-235, 2009 WL 2778104, at *3 (D.N.J. Aug. 27, 2009) *report & recommendation adopted,* 2009 WL 2952034 (D.N.J. Sept. 14, 2009) ("[T]he issues and parties involved in the two actions need not be identical").  It is the subject matter of each case that controls.  *See D & L Distribution, LLC v. Agxplore Int'l, LLC*, No. 12-00810, 2013 WL 1234810, at *5 (E.D. Pa. Mar. 26, 2013) (Gardner, J.).

We agree with those decisions holding that the rule's application is not cabined to proceedings involving identical parties and identical issues, but extends to cases where there is a substantial overlap of the subject matter.  *Villari*, 2009 WL 1845236, at *6. Thus, the critical substantive inquiry of the first-filed rule analysis is subject matter.  *Id.* (citing *Shire U.S., Inc. v. Johnson Matthey, Inc.*, 543 F. Supp. 2d 404, 409 (E.D. Pa. 2008)).

Here, the two actions share a similar subject matter.  Both cases revolve around the employment relationship between the parties as governed by the non-compete and non-disclosure agreements that are at the heart of both cases.  Although Synthes is not a party to the California action, it does not affect the analysis.  Synthes is a nominal party in this action.  It is not a party to either of the agreements nor did it employ

Knapp.[2]   Accordingly, the additional claims and party in this action do not warrant departure from the first-filed rule.

To find that a first-filed case was improperly anticipatory, there must be some evidence that the case was filed in bad faith or for the purpose of forum shopping. *Koresko*, 403 F. Supp. 2d at 401*.*  One could surmise from the timing of Knapp's filing, that the declaratory judgment action is an anticipatory action – a preemptive move to prevent his former employer from filing in Pennsylvania.  On the other hand, Knapp could have acted prudently in seeking clarification of his rights and obligations to avoid violating the agreements.  However, we cannot conclude that his taking action before his employer did was in bad faith or amounted to inequitable conduct.  Knapp filed the first-filed action in the state where he lives and works.  It is the state where he worked for the plaintiff and where he now works.  California is the epicenter of the conduct at issue.

The plaintiffs accuse Knapp of forum shopping by filing in a state which they contend strongly disfavors restrictive covenants and choice of law clauses.  Because California may disfavor agreements like those at issue does not eliminate California as the more logical and practical forum, especially where the relevant conduct and its effects are centered in California.  *See Moore Corp. Ltd. v. Wallace Computer Serv., Inc.*, 898 F. Supp. 1089, 1100 (D. Del. 1995) (where forum shopping is alleged, court should consider whether there are facts logically connecting first-filed action to forum).

Knapp resides in California.  His former employment activities with Depuy took place in California.  He currently works for K2M, Inc. there.  Any breach of the

---

[2] Knapp challenges Synthes's (and Depuy's) standing to bring this action.  In light of our ruling on the motion to transfer, we do not address the standing issue, which appears to raise a significant question.

agreements and misappropriation of trade secrets occurred there.   Depuy conducted and continues to conduct business in California.

It is difficult to conclude that Knapp's first-filed action was motivated solely by forum shopping because there are reasons supporting a good faith basis for filing in California.   California is not Knapp's preferred forum solely because that state's law disfavors non-competition agreements.   As we shall discuss later when considering transfer pursuant to § 1404(a), there are several reasons why Knapp would want to litigate in California.   *See Fischer & Porter*, 869 F. Supp. at 325 (departure from the first-filed rule may be warranted when forum shopping is the sole basis for the choice of the forum for first-filed action); *Moore Corp. Ltd.*, 898 F. Supp. at 1100 ("[A] court will exercise its discretion and depart from the long-standing first-filed rule only where the defendant can show that plaintiff chose a particular forum solely for the purposes of forum shopping . . ."); *but see FMC Corp.*, 379 F. Supp. 2d at 747 n.25 ("There is no requirement that a court find that the first-filing plaintiff was motivated *solely* by forum shopping for the court to apply the controlling *EEOC* exceptions to the first-to-file rule") (emphasis in original).   Knapp, like any other litigant, chose a forum not only because the law of the forum may favor his position, but also because it is the more convenient one.

There is no reason to depart from applying the first-filed rule.   Nevertheless, we shall now consider Knapp's motion to transfer the action to the Eastern District of California pursuant to 28 U.S.C. § 1404(a).

**Transfer Pursuant to 28 U.S.C. § 1404(a)**

A defendant moving for transfer of venue must show that (1) the case could have been brought initially in the proposed transferee forum; (2) the proposed transfer will be more convenient for the parties and witnesses; and (3) the proposed transfer will be in the interest of justice. 28 U.S.C. § 1404(a); *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995); *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970). Once the defendant establishes that the action could have been brought in the proposed district, the court must weigh several private and public interest factors to determine whether the balance of relevant factors tips in favor of or against transfer. *Jumara,* 55 F.3d at 879-80.

This action could have been brought in the Eastern District of California. Knapp resides there, Depuy has conducted and continues to do business in California, and the conduct central to the case occurred and continues to occur in California. *See* 28 U.S.C. § 1391(b)(1) (in diversity case, venue proper where defendant resides); *id.* § 1391(b)(2) (venue proper in district where substantial part of events occurred). Thus, whether the case should be transferred depends on a careful weighing of the relevant public and private interests. *Shutte*, 431 F.2d at 24-25.

Among the factors considered when determining whether transfer is more convenient for the parties and in the interest of justice are: (1) the plaintiff's choice of forum; (2) the defendant's preferred forum; (3) the place where the claim arose; (4) the relative ease of access to the sources of proof; (5) the convenience of the parties as demonstrated by relative financial status and physical location; (6) the availability of compulsory process for the attendance of witnesses; (7) the convenience of the

witnesses; (8) the practical problems that make trial of a case expensive and inefficient; and (9) public interest factors, such as congestion of court dockets and the relationship of the jury and the community.  *Jumara*, 55 F.3d at 879-80.  Depending on the nature and facts of the case, these factors overlap and are intertwined.

Because the analysis involved is "flexible and individualized," the district court has broad discretion in deciding a motion for transfer of venue.  *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988).  Despite this wide latitude, a motion seeking transfer should not be granted without a careful weighing of factors favoring and disfavoring transfer.  *See Shutte*, 431 F.2d at 24-25.

*Plaintiffs' Choice of Forum and the Forum Selection Provision*

The plaintiffs' choice of forum is typically accorded "paramount consideration." *Shutte*, 431 F.2d at 25; *see also Jumara*, 55 F.3d at 879 (observing that plaintiff's choice of venue "should not be lightly disturbed" (citation omitted)).  However, the plaintiffs' choice is given less deference when none of the operative facts underlying the claim occurred there.  *See McMillan v. Weeks Marine, Inc.*, No. 02-6741, 2002 WL 32107617, at *1 (E.D. Pa. Dec. 2, 2002); *Lindley v. Caterpillar, Inc.*, 93 F. Supp. 2d 615, 617 (E.D. Pa. 2000) (Katz, J.).

Where a related action is pending in another forum, the plaintiffs' choice is entitled to less deference.  *See QVC*, 2012 WL 3155471, at *4.  Where the action would likely be consolidated with the related action in the transferee district, transfer serves the interests of justice because it avoids potential inconsistent results.  *Id.* at *5; *see also Ferens v. John Deere Co.*, 494 U.S. 516, 531 (1990) ("To permit a situation in which two cases involving precisely the same issues are simultaneously pending in

different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent.") (quoting *Continental Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26 (1960)).  The "presence of a related action in the transferee forum is such a powerful reason to grant a transfer that courts do so even where other *Jumara* factors, such as the convenience of the parties and witnesses, would suggest the opposite." *Villari*, 2009 WL 1845236, at *5 (citations omitted).

Even though the plaintiffs prefer Pennsylvania, we do not give substantial deference to this choice in light of the action pending in California where the conduct central to the plaintiffs' claims occurred and is occurring, and the absence of significant operative facts having occurred here.  Not only does Knapp reside and work in California; all of the charged misconduct in the plaintiffs' complaint occurred there.  As to the alleged breach of the agreements, it took place in California where Knapp is employed by the plaintiffs' competitor.  Any misappropriation of trade secrets and sharing of confidential information took place there as well.

Forum selection clauses are entitled to "substantial consideration" in determining whether to transfer a case.  *Jumara*, 55 F.3d at 880.  Although the presence of a forum selection clause is afforded significant weight, it is not dispositive.  *Id.*  A forum selection clause is just one factor in balancing the convenience of the parties.  *Id.*  Nevertheless, the party seeking to avoid the forum selection clause has the burden to show why it should not be bound by the previously made choice.  *Id.*

Forum selection clauses are either mandatory or permissive.  *Campanini v. Studsvik, Inc.*, No. 08-5910, 2009 WL 926975, at *4 (E.D. Pa. Apr. 6, 2009) (Schiller, J.); *see also Plum Tree, Inc. v. Stockment,* 488 F.2d 754, 758 n.7 (3d Cir.

1973) (distinguishing between forum selection clauses that mandate "exclusive jurisdiction" and those that "merely consent" to jurisdiction).   A mandatory forum selection clause clearly dictates that venue is proper only in the agreed upon forum.  A permissive one does not limit the forum, but simply authorizes venue in a particular forum.  *Campanini,* 2009 WL 926975, at *4.  Thus, the controlling factor is whether the parties intended to litigate the action in one court to the exclusion of all others.  *SBKC Serv. Corp. v. 1111 Prospect Partners, L.P.*, 105 F.3d 578, 582 (10th Cir. 1997).

A permissive forum selection clause is given less weight than a mandatory one because it does not exclusively limit the appropriate venue for litigation.  *Feldman v. Google, Inc.*, 513 F. Supp. 2d 229, 245 (E.D. Pa. 2007) (Giles, J.); *Mato v. Window World, Inc.*, No. 10-7617, 2011 WL 710473, at *3 (E.D. Pa. Feb. 28, 2011) (Stengel, J.). The absence of a mandated forum in an agreement suggests that other factors may make another forum more convenient or appropriate.

Here, the forum selection provision appears in the Non-Compete Agreement.  It reads: "I agree that this agreement *can be enforced* by any federal or state court of competent jurisdiction *in the Commonwealth of Pennsylvania* and hereby consent to the personal jurisdiction of such courts."  *See* Compl., Ex. B (emphases added).[3]

The provision is permissive.  It does not mandate enforcement in a Pennsylvania federal or state court.  It only permits it.  Because the agreement was drafted by Knapp's employer, it is construed against it.  *Colorcon, Inc. v. Lewis*, 792 F. Supp. 2d 786, 797 (E.D. Pa. 2011) (DuBois, J.) ("[B]ecause non-competition agreements restrain an employee's ability to practice his or her chosen trade, they are strictly construed

---

[3] The Non-Disclosure Agreement does not include a forum selection provision.  *See* Compl., Ex. A.

against the employer") (quoting *All-Pak, Inc. v. Johnston*, 694 A.2d 347, 351 (Pa. Super.

Ct. 1997)) (internal quotations omitted); *Ins. Adjustment Bureau, Inc. v. Allstate Ins. Co.*,

905 A.2d 462, 468 (Pa. 2006).   Because the language is not mandatory, we do not

accord the provision significant weight.  *Cf. Taidoc Tech. Corp. v. Diagnostics Devices,*

*Inc.*, No. 12-2457, 2012 WL 3627423, at \*3 (E.D. Pa. Aug. 23, 2012) (mandatory forum

selection clause given significant weight).[4]

Another difficulty with the provision is the language regarding its scope.   It

speaks to enforcement, not specifically to litigation.   Of course, litigation necessarily

precedes enforcement.   Litigation could take place in another jurisdiction, resulting in a

judgment that could be transferred to Pennsylvania for enforcement purposes.

The forum selection provision in the non-compete agreement manifests the

plaintiffs' preference for Pennsylvania as the forum.   Despite this preference, in light of

its permissive language and its limited scope, the provision does not disfavor transfer.

### *Defendant's Preferred Forum*

Knapp prefers to litigate this case in the Eastern District of California where his

declaratory judgment action is pending and where he works and lives.   Thus, this factor

weighs in favor of transfer.

### *Place Where the Claim Arose*

Where the claim arose implicates other factors in the analysis.   It involves

questions of access to proof, choice of law, convenience of the parties and the

---

[4] The existence of a mandatory clause would not preclude us from weighing the relevant public and private interest factors.  *Campanini*, 2009 WL 926975, at \*4, \*6-7 (engaging in *Jumara* analysis after determining that forum clause was mandatory); *Canon Fin. Servs., Inc. v. JL Barrett Corp.*, No. 10-4117, 2010 WL 4746242, at \*1 n.2 (D.N.J. Nov. 16, 2010) ("Even if it were mandatory, however, the clause does not preempt the statutory requirement that the Court weigh the private and public interest factors in weighing a transfer motion").

witnesses, availability of witnesses, and efficiency concerns.   Hence, determining the place where the claim occurred will inform the evaluation of these other factors.

The plaintiffs' argument to the contrary, the claims against Knapp did not arise in Pennsylvania.  Knapp may have sent his original offer letter to Pennsylvania, and the agreements may have been drafted in Pennsylvania.   Additionally, he may have received training materials drafted in Pennsylvania, and he may have been in regular contact with persons at Depuy's Pennsylvania headquarters.

These Pennsylvania contacts may inform a personal jurisdiction inquiry, but they do not, in this case, favor transfer.   The agreements were delivered to Knapp in California and he signed them there.   The manager to whom he reported was also located in California.  The alleged conduct giving rise to the plaintiffs' claims occurred in California.   The plaintiffs allege that Knapp used misappropriated information in the course of his new employment in California and solicited business from his former Depuy clients in California.  Consequently, the claims arose in California.  In short, the plaintiffs allege that Knapp breached the non-compete and non-disclosure agreements in California.  Thus, because the claims arose in California, this factor weighs in favor of transfer.

*Relative Ease of Access to Sources of Proof*

The plaintiffs do not identify any specific witness that lives in Pennsylvania. Knapp, on the other hand, contends that witnesses who have information bearing on the conduct at issue, including his former customers and supervisors, reside in California. Plaintiffs counter that the relevant documents, including Knapp's personnel file, expense reports and sales analyses, are located in Pennsylvania, and that electronic information

is stored on servers located in Pennsylvania.  They do not explain how any of that information is relevant for proving the claims asserted in the complaint.  It may be background information, but it does not go to the misconduct alleged.  Knapp contends that his "books and records" are located in California where he worked for Depuy and now works for a competitor.

Neither party states that they would not be able to produce relevant documents in either forum.  Given that electronically and manually stored documents can be more easily transferred across state lines than witnesses can traverse the country, this factor favors transfer.  *See Jumara*, 55 F.3d at 879.

### *Relative Financial Status*

The convenience of the parties, taking into account their relative physical and financial condition, weighs in favor of transfer.  Synthes has its principal place of business in West Chester, Pennsylvania and Depuy is a Massachusetts corporation. Depuy undisputedly engages in business in California.  Further, it is already litigating in California.

No one can dispute that Knapp is in a less advantageous financial position than the corporate plaintiffs.  Although the plaintiffs claim that the relative financial positions of the parties are equal because Knapp is being indemnified by his new employer, there is no evidence in the record to support their bare statement.  In any event, because the defendant and Depuy are already litigating in California, and the plaintiffs have not claimed that they are unable to litigate in California, this factor counsels in favor of transfer.  *See Koresko*, 403 F. Supp. 2d at 404 (existence of a prior related action pending in another district weighs heavily in the court's § 1404(a) determination).

*Availability of Compulsory Process*

Knapp argues that several essential non-party factual witnesses, including his former managers and hospital personnel who are his customers, reside in California and would be unavailable for trial in Pennsylvania.  *See Jumara*, 55 F.3d at 879 (court may only consider the convenience of witnesses to the extent they are unavailable for trial).  Because these witnesses are not subject to this court's subpoena power, Knapp may not have access to them if trial occurs here.  *See* Fed. R. Civ. P. 45(b)(2).  If the case is transferred, the Eastern District of California will have subpoena power over the witnesses who reside in that district.  *Id.* (a subpoena may be served "within the district of the issuing court").  Therefore, this factor weighs in favor of transfer.

In sum, the private interests weigh decidedly in favor of transferring this action to the Eastern District of California.  The public interest also weighs in favor of transfer.

*Public Interest Factors*

Neither party argues, nor could they, that the ultimate judgment would be unenforceable in either California or Pennsylvania.  Plaintiffs claim that Pennsylvania has a strong interest in adjudicating this action because Depuy's operations are located in Pennsylvania.  They ignore California's interest in ensuring that contracts entered into by its residents comply with its laws and in adjudicating disputes arising out of employment relationships affecting business and residents in California.  Hence, from a policy standpoint, transfer is favored.

Practical considerations weigh in favor of transfer.  The pending related action in California "is a practical consideration of great importance in deciding a motion to transfer."  *Maximum Human Performance,* 2009 WL 2778104, at *8.  Transferring this

case to California, where it could potentially be consolidated with the first-filed action, would be more expeditious than having two similar cases proceeding simultaneously in courts on opposite coasts and possibly resulting in conflicting and contradictory decisions.

The relative congestion of the court dockets also leans in favor of transfer to the Eastern District of California because its docket is less congested.  *See* Table C-1, Civil Cases Commenced, Terminated, and Pending (noting that as of March 31, 2012, over 17,000 civil cases were pending in the Eastern District of Pennsylvania versus over 6,000 pending in the Eastern District of California).[5]

The choice of law provision in the non-compete agreement does not impede transfer.  If the California court applies the provision, a California judge is competent to apply Pennsylvania law.  Furthermore, the non-disclosure agreement, unlike the non-compete agreement, contains no choice of law provision.

Plaintiffs claim that transferring the action would delay the litigation because this action has proceeded more quickly.  This is not so.  The proceedings are at the same stage.  A dispositive motion has been fully briefed in the Eastern District of California. *See* Docket, *Knapp v. Depuy Synthes Sales, Inc.*, No. 13-1153 (E.D. Cal.).  We are considering a threshold motion to dismiss or transfer.  Thus, this factor is neutral.

---

[5] *Available at* http://www.uscourts.gov/Statistics/FederalJudicialCaseloadStatistics/ FederalJudicialCaseloadStatistics2012.aspx.

**Conclusion**

After balancing the competing interests, including the forum selection provision and plaintiffs' preferred forum, we conclude that the public and private interests favor transferring this action to the Eastern District of California.  The first-filed rule also counsels in favor of transfer because there are no exceptions justifying departure from the rule.  Therefore, in the interest of justice, the defendant's motion to transfer venue will be granted, and this action will be transferred to the Eastern District of California.