**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SYNTHES, INC. AND DEPUY SYNTHES SALES, INC., <br><br> Plaintiff, <br><br> vs. <br><br> GREGORY KNAPP, <br><br> Defendants. | No. 2:13-cv-02261-MCE-DAD <br><br> **STIPULATION AND ORDER FOR the DISCOVERY AND EXCHANGE OF CONFIDENTIAL INFORMATION** |

WHEREAS, Plaintiffs Synthes, Inc. and DePuy Synthes Sales, Inc. and Defendant Gregory Knapp (collectively the "Parties") have stipulated to the signing and entry of this Stipulated Order for the Discovery and Exchange of Confidential Information ("Agreement"), IT IS HEREBY AGREED that each of the Parties and their counsel shall be governed by the following terms and conditions concerning Confidential Information in the above-captioned action:

1. <u>Information That May Be Designated As Confidential</u>. The Parties to this litigation, and any non-party producing documents or information in response to a subpoena issued in this litigation (such non-parties being included in the definition of "Party" or "Parties" for purposes of this Agreement), may designate as "Confidential Information" any of the following: (a) documents or information produced by them at any time in this litigation; (b) documents or information produced by another Party or a non-party in this litigation; (c) interrogatory answers, responses to document requests, and responses to requests for

admissions; (d) deposition, hearing or trial testimony and transcripts, or any part thereof; and (e) access to premises for inspection or information. The Parties' agreement to utilize certain definitions of "Confidential Information" herein is solely for the purpose of facilitating discovery in this matter and does not constitute an admission that any particular category of information is "Confidential Information" under the law governing the merits of the Parties' respective claims in this litigation, and no Party shall offer the mere fact of any designation as evidence in support of any contention that the information is "Confidential" for any purpose other than the purpose stated in this paragraph.

2. This Agreement shall not apply to information or tangible items obtained by means independent of voluntary production by another Party, discovery or other proceedings in this action, provided that the acquisition of the information or tangible item has been through lawful means. The restrictions set forth in this Agreement shall not apply to information or tangible items which at or prior to disclosure in this action, are or were within public knowledge through lawful means, or which, after disclosure, come within public knowledge other than by act or omission of the one receiving the Confidential Information or its agents, consultants or attorneys.

3. Categories of Protected Information.

   a. <u>Basis For Designation Of Confidential Information</u>. Information may be designated as "Confidential" based upon a good faith belief that the information constitutes or contains information of the designating Party which is not available to the general public, including, but not limited to, trade secrets, know-how, proprietary data and/or other technical, commercial, business, financial or personal information.

   b. <u>Basis For Designation Of Confidential – Attorneys' Eyes Only Information</u>. Information may also be designated as "Confidential – Attorneys' Eyes Only" based upon a good faith belief that the information constitutes or contains the designating Party's highly sensitive personal information or highly sensitive business confidential information which if placed in the hands of a third party may place the designating Party at a competitive disadvantage because said information relates to the

1

**STIPULATED ORDER FOR THE DISCOVERY AND EXCHANGE OF CONFIDENTIAL INFORMATION**

designating Party's: pricing, financial records, sales strategies, distribution strategies, manufacturing procedures, technical knowledge, unpatented inventions, patent applications, technical development plans and notes, manufacturing secrets, secret processes, formulae, potential customers, and potential distributors, or other confidential and proprietary information, as well as highly sensitive trade secrets relating to the designating Party's market plans in its industry.  As used in this Agreement, and except as otherwise set forth, "Confidential Information" includes both information designated as "Confidential" and "Confidential – Attorneys' Eyes Only."

4. <u>Permissible Use Of Confidential Information</u>.  Any person having access to Confidential Information shall use it only for the purposes of this litigation (including appeals); shall not disclose it to anyone other than those persons designated herein; and shall handle it in the manner set forth in this Agreement.  The designation of material as Confidential shall not itself affect the rights of the designator (or the designator's authorized representative) to give or disclose the Confidential Information to any person for any reason, and such giving or disclosing of confidential information shall not be deemed a waiver of this Agreement.

5. <u>Persons With Access To Information Designated as Confidential</u>.  Access to information designated as "Confidential" shall be limited to:

   a. Current officers, directors or employees of Plaintiffs Synthes, Inc. and DePuy Synthes Sales, Inc., whose consultation is reasonably necessary to the prosecution or defense of this litigation; and Defendant Gregory Knapp.

   b. Outside counsel for the Parties whose firms have entered an appearance in this litigation (including outside counsel's employees, agents and clerical assistants);

   c. The Court, court personnel, and court reporters;

   d. Experts and consultants (including their employees and clerical assistants) who are employed, retained, or otherwise consulted by counsel of record for the Parties for the purpose of analyzing data, conducting studies, or providing opinions for assistance in this litigation; and

e.  Persons whom counsel for the Parties believes are likely to be called to give testimony on matters related to information designated as "Confidential" or who are believed to possess information necessary for the prosecution or defense of this litigation.

6. <u>Persons With Access To Information Designated as Confidential – Attorneys' Eyes Only</u>. Access to information designated as "Confidential – Attorneys' Eyes Only" shall be limited to:

   a.  Outside counsel for the Parties whose firms have entered an appearance in this litigation (including outside counsel's employees, agents and clerical assistants), and one in-house counsel designated by Plaintiffs (Ed Yures);

   b.  The Court, court personnel, and court reporters;

   c.  Experts and consultants (including their employees and clerical assistants) who are employed, retained, or otherwise consulted by counsel of record for the Parties for the purpose of analyzing data, conducting studies, or providing opinions for assistance in this litigation;

   d.  Deposition witnesses, if it is clear from the designated documents that the witness(es) previously had access to such information; and

   e.  Any other person only upon order of the Court or upon stipulation of the Party that designated the Confidential Information.

   f.  Any Party disclosing Confidential Information to the persons listed in Paragraph 5(d) or 5(e), or Paragraph 6(c), or 6(d), shall advise such person of the existence of this Confidentiality Agreement and the terms herein.  Furthermore, prior to disclosing Confidential Information to the persons listed in Paragraph 5(d) or 5(e), or Paragraph 6(c) or 6(d), the producing Party shall obtain a signed declaration (in the form attached as Exhibit 1 hereto) from such person (but only to the extent the person is not an officer, director or employee of the producing Party). The executed declaration, Exhibit 1, shall be retained by the producing Party.

   g.  Notwithstanding anything to the contrary in Paragraphs 5 and 6 above, with respect to

documents or things designated as Confidential Information, any person indicated on the face of the document or thing as an originator, author or recipient of a copy thereof may be shown the same, without restriction.

7. <u>Filing And Use Of Confidential Information In Court</u>.  If a Party wishes to file with the Court a pleading, motion, memorandum, brief, deposition transcript, discovery request or response, exhibit, or other document that produces, paraphrases, summarizes or otherwise contains any information previously designated as "Confidential" or "Confidential – Attorneys Eyes Only", that Party shall place the legend "Confidential – Filed Under Seal and Subject to Confidentiality Agreement" on the front page of any such document filed with the court.  The Parties shall file any such document in accordance with the requirements of Federal Rule of Civil Procedure 5.2, and United States District Court for the Eastern District of California Local Rule 141.

8. <u>Procedures To Designate Confidential Information</u>.  For the purposes of this Agreement, "documents" shall have the broadest possible meaning as defined in both plaintiffs' and defendant's discovery requests (and such definitions are incorporated by reference herein).

   a. The Parties, or any non-party that produces or discloses information which the producing Party believes, in good faith, to constitute Confidential Information, as defined by this Agreement, may designate the same as "Confidential" or "Confidential – Attorneys' Eyes Only" in accordance with the provisions of this Agreement.  In the case of documents, designation shall be made by placing the words "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" on at least the first page of the document prior to production or, in the case of native electronic documents, otherwise indicating the designation of the document.

   b. The Parties may also designate as "Confidential" or "Confidential – Attorneys' Eyes Only" in accordance with the provisions of this Agreement any Confidential Information, as defined by this Agreement, produced by a non-party to this litigation by providing written notice to every other Party within ten (10) business days from the date of receipt of the documents produced by the non-party.  Failure to do so

within the time prescribed shall constitute a waiver of the Party's right to designate the information produced by the non-party as Confidential Information. From the time that information is produced by a non-party until the expiration of the 10-day period, all information produced by a non-party shall be designated "Confidential – Attorneys' Eyes Only."

    c. Whenever a deposition taken on behalf of any Party or an inspection of premises is made which involves a disclosure of Confidential Information:

        i. Said deposition, inspection or portions thereof may be designated as "Confidential" or "Confidential – Attorney's Eyes Only." Such designations shall be made on the record whenever possible, but a producing Party may designate portions of depositions as "Confidential" or "Confidential – Attorney's Eyes Only" after transcription by no later than ten (10) business days after receipt of the deposition transcript, informing the other Parties to this action in writing of the portions of the transcript designated "Confidential" or "Confidential – Attorneys' Eyes Only;"

        ii. The producing Party shall have the right to exclude from attendance at depositions or inspections, during time(s) that Confidential Information is or may be disclosed, any person other than a deponent, counsel (including their staff and associates), the court reporter, and the person(s) agreed upon pursuant to Paragraphs 5 and 6 above. The Confidential Information shall not be disclosed until requirements of this provision have been met or waived; and

        iii. The original transcripts containing Confidential Information and all copies thereof shall bear the legend "Confidential" or "Confidential Attorneys' Eyes Only" as appropriate.

9. <u>Retention of Confidential Information</u>. All Confidential Information which has been designated as "Confidential" or "Confidential – Attorneys' Eyes Only" by the producing or producing Party, and any and all reproductions thereof shall be retained only in the custody of counsel for the receiving Party, except that experts and consultants authorized to view

5

**STIPULATED ORDER FOR THE DISCOVERY AND EXCHANGE OF CONFIDENTIAL INFORMATION**

1  such information under the terms of this Agreement may retain custody of such copies as are
2  necessary for their participation in this litigation.
3  10. <u>Disclosure Of Confidential Information In Other Actions</u>.  In the event that a person (the
4  "Recipient") subject to this Agreement receives a subpoena related to another action that
5  seeks the production of Confidential Information (which was produced by another Party or
6  non-party in this action), the Recipient shall, within not more than ten (10) business days,
7  provide notice to the Party that designated such information as Confidential Information (the
8  "designating party").  To the extent permitted by law, the Recipient shall not produce the
9  Confidential Information at issue for at least ten (10) business days from the date the
10  Recipient receives the subpoena and shall cooperate fully with the designating Party in
11  contesting the subpoena and/or ensuring the continued confidentiality of the Confidential
12  Information.
13  11. <u>Return or Destruction of Confidential Information</u>.  Immediately after entry of final judgment
14  including appeals, or of dismissal in connection with this action, all Confidential Information
15  produced in this litigation, including any copies thereof and summaries or descriptions
16  thereof contained in other documents, shall be returned to counsel for the producing party.
17  Alternatively, the receiving party may destroy such information, including by rendering
18  electronically stored information inaccessible, and the Party in possession of the information
19  shall provide written confirmation of the destruction of the Confidential Information.  This
20  provision does not prohibit outside counsel for the Parties from retaining court filings,
21  deposition transcripts, exhibits, and other documents that are deemed necessary in order to
22  maintain complete client files, and/or comply with a bona fide record retention policy,
23  provided, however, that outside counsel shall retain those copies as Attorneys' Eyes Only,
24  and shall use them solely in connection with the Litigation.
25  12. <u>Inadvertent Production</u>.  Inadvertent production of information considered Confidential
26  Information without the "Confidential" or "Confidential – Attorneys' Eyes Only" designation
27  shall not constitute a waiver of the producing Party's right to designate the information
28  produced as Confidential Information.  The producing Party shall give prompt written notice

1   to the Party receiving the information which was produced without the "Confidential" or
2   "Confidential – Attorneys' Eyes Only" designation as soon as the omission is discovered.
3   The receiving Party shall then mark as "Confidential" or "Confidential – Attorneys' Eyes
4   Only" all documents or things indicated by the producing Party as having been produced
5   without such designation, and treat those documents in accordance with this Agreement.
6   Further, if multiple versions of the same document are produced with different
7   confidentiality designations, the more restrictive designation shall apply to all copies
8   produced even if not so designated.  Finally, the inadvertent production of any document or
9   other information shall be without prejudice to any claim that such material is subject to the
10  attorney client privilege or is protected from discovery as work product within the meaning
11  of the Federal Rules of Civil Procedure and controlling case law.  No Party to this Agreement
12  shall be held to have waived any rights by such inadvertent production.

13. Challenges To Designations Of Confidentiality.

    a.    No Party concedes that any material designated by any other person as "Confidential" or "Confidential -Attorneys' Eyes Only" does in fact contain or reflect trade secrets, proprietary or confidential information, or has been properly designated as Confidential.  Any Party may at any time move for relief from the provisions of this Agreement with respect to specific material, as set forth below.

    b.    If the receiving Party believes that any information labeled Confidential Information is not properly designated "Confidential" or "Confidential – Attorneys' Eyes Only", the receiving Party may, at any time, notify the designating Party and request a release of confidentiality or modification of the confidentiality designation.  The Parties shall attempt in good faith to resolve any dispute that may arise and should only seek appropriate application with the Court in order to protect the rights created by this Agreement after all efforts to privately resolve their dispute have failed.  If the designating Party does not grant the requested release or modification of confidentiality within ten (10) business days, the receiving Party may thereafter file a motion with the Court requesting a determination by the Court as to whether the

information at issue shall be treated as "Confidential" or "Confidential – Attorney' Eyes Only" under the terms hereof. If the receiving Party files a motion with the Court requesting such a determination, the confidential status of the information shall be maintained pending the Court's ruling on the motion. The burden of proving confidentiality of designated information remains with the Party asserting such confidentiality. The Parties shall not be obligated to challenge the propriety of any designation of information as "Confidential" or "Confidential – Attorneys' Eyes Only" and the failure to do so promptly shall not preclude any subsequent objection to such designation.

14. <u>Reservation Of Rights</u>. The Parties agree that the execution or filing and entry of this Agreement shall not constitute a waiver of any rights under any applicable law and/or court rules. In addition, nothing in the foregoing provisions of this Agreement shall be deemed to preclude any Party or non-party from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of documents or other discovery material or relief from this Agreement with respect to particular material designated as containing Confidential Information. Nothing contained in or related to this Agreement shall be construed as an admission by Knapp that any information of Plaintiffs is "confidential" or a "trade secret."

15. <u>Jurisdiction and Choice of Law</u>. The Parties and any other person or entity subject to the terms of this Agreement agree that the United States District Court for the Eastern District of California shall have jurisdiction over it and those persons for the purposes of enforcing this Agreement, notwithstanding any subsequent disposition of this Action. The Parties and any other person or entity subject to the terms of this Agreement further agree that California law shall govern any action to enforce or relating to this Agreement.

16. <u>Inadvertent Production – Privilege and Attorney Work Product</u>. The inadvertent production of any document or other information during discovery in this action shall be without prejudice to any claim that such material is subject to the attorney client privilege or is protected from discovery as work product within the meaning of Federal Rule of Civil

1   Procedure 26 and Federal Rule of Evidence 502.  No Party shall be held to have waived any
2   rights by such inadvertent production.

3  17.  Production or disclosure of Confidential Information under this Agreement shall not
4   prejudice the right of any person making that production or disclosure to maintain the trade
5   secret status or confidentiality of that information in other contexts.

6  18.  Nothing in this Agreement shall affect in way any Party's rights to introduce Confidential
7   Information into evidence during trial or at any hearing in the above-captioned matter.

8  19.  This Confidentiality Agreement may be signed in counterparts.

SO AGREED:

| | |
|---|---|
| */s/ Howard M. Knee* | */s/ Malcolm S. Segal* |
| Howard M. Knee | Malcolm S. Segal |
| BLANK ROME LLP | John T. Kinn |
| 2029 Century Park East | SEGAL & ASSOCIATES, P.C. |
| Sixth Floor | 400 Capital Mall |
| Los Angeles, California  90067 | Suite 2250 |
| Phone:  (424) 239-3100 | Sacramento, CA  95814 |
| Knee@blankrome.com | Phone:  (916) 441-0886 |
| | msegal@segal-pc.com |
| Anthony B. Haller | |
| Scott F. Cooper | John P. McShea (*admitted pro hac vice*) |
| Andrew B. Cohen | MCSHEA LAW FIRM P.C. |
| BLANK ROME LLP | Centre Square West Tower |
| One Logan Square | 1500 Market Street, Fortieth Floor |
| Philadelphia, PA 19103 | Philadelphia, PA  19102 |
| Phone: (215) 569-5690 | Phone:  (215) 599-0800 |
| Haller@blankrome.com | jmcshea@mcshealawfirm.com |
| | |
| *Attorneys for Plaintiffs Synthes, Inc. and DePuy Synthes Sales, Inc.* | *Attorneys for Defendant Gregory Knapp* |

Dated:  December 11, 2014

**Exhibit 1 to Confidentiality Agreement**

# DECLARATION

I, _____, hereby understand and agree that information and/or documents designated as Confidential Information shall be provided to me subject to the terms and conditions set forth in the Confidentiality Agreement for the Discovery Of Confidential Information (the "Agreement"), which was agreed to by the Parties in the matter entitled *Synthes, Inc. et al. v. Gregory Knapp*, United States District Court for the Eastern District of California, Civil Action No. 2:13-cv-02261-MCE-DAD.

I hereby acknowledge that I have been given a copy of and have read the Agreement.  I agree that I shall not disclose the information and/or documents to others and that the information and/or documents shall be used only for the purpose of this litigation.  I agree that, following the conclusion of this litigation, I will return or destroy all Confidential Information, including all copies thereof and all summaries or descriptions thereof contained in other documents.

I further agree to be bound by the terms of the Agreement and to subject myself to the jurisdiction of the United States District Court for the Eastern District of California for the enforcement of the Agreement and understand that, in the event that I fail to abide by the terms of the Agreement, I may be subject to sanctions by the Court.

Date: _____          _____
                                                                              Name

## ORDER

Pursuant to the parties' stipulation, IT IS SO ORDERED.

Dated:  December 16, 2014

*Dale A. Drozd*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

Ddad1\orders.civil
synthes2261.stip.prot.ord.#2.doc