**UNITED STATES DISTRICT COURT1**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SYNTHES, INC. AND DEPUY SYNTHES SALES, INC., | No. 2:13-cv-02261-MCE-DAD |
| Plaintiffs /Counterclaim-Defendants, | |
| vs. | **STIPULATION AND ORDER ON AGREEMENT FOR THE DISCOVERY OF CONFIDENTIAL INFORMATION FROM K2M, INC.** |
| GREGORY KNAPP, | |
| Defendant /Counterclaim-Plaintiff. | |

WHEREAS, Plaintiffs/Counterclaim Defendants, Synthes, Inc. and DePuy Synthes Sales, Inc. (collectively, "Plaintiffs/Counterclaim Defendants") and Defendant/Counterclaim Plaintiff, Gregory Knapp ("Knapp"), as parties to litigation captioned *Synthes, Inc. et al. v. Knapp*, Eastern District of California, Case No. 2:13-cv-02261-MCE-DAD (the "Litigation"), and third-party K2M, Inc. ("K2M"), as the recipient of a subpoena duces tecum pursuant to Federal Rule of Civil Procedure 45 (the "Subpoena"), have stipulated to the signing and entry of this Confidentiality Agreement for the Discovery of Confidential Information of K2M (the "Agreement"), IT IS HEREBY AGREED that each of the parties to this Agreement and their counsel shall be governed by the following terms and conditions concerning confidential information produced by or of K2M (the "K2M Confidential Information") in connection with the Litigation and the Subpoena. By entering into this Agreement, K2M does not waive any of its objections to the Subpoena or other discovery sought from or concerning K2M.

1. <u>Information That May Be Designated As Confidential</u>. K2M, Plaintiffs/Counterclaim Defendants, and Knapp agree that K2M may designate as "K2M Confidential Information" any of the following in connection with the Litigation or the Subpoenas: (a) documents or information produced by K2M at any time; (b) documents or information that pertain to K2M that are produced or to be produced by a party or a non-party to the Litigation; (d) deposition, hearing, or trial testimony or transcripts of K2M employees, agents, or representatives or concerning K2M, or any part thereof; and (e) access to K2M's premises for inspection or

information. The agreement to utilize certain definitions of "K2M Confidential Information" herein is solely for the purpose of facilitating discovery in the Litigation and in connection with the Subpoena and does not constitute, and may not be offered as, an admission by any party to this Agreement in any court that any particular category of K2M Confidential Information is confidential under the substantive law.

2. The restrictions set forth in this Agreement shall not apply to information or tangible items which, at or prior to disclosure in the Litigation or in connection with the Subpoena, are or were within public knowledge through lawful means, or which, after disclosure, come within public knowledge other than by act or omission of the one receiving the K2M Confidential Information or its agents, consultants or attorneys.

3. <u>Categories of Protected Information</u>.

   a. <u>Basis For Designation Of K2M Confidential Information</u>. K2M may designate Information as "Confidential" based upon a good faith belief that the information constitutes or contains information of K2M's which is not available to the general public, including, but not limited to, trade secrets, know-how, proprietary data and/or other technical, commercial, business, financial or personal information.

   b. <u>Basis For Designation Of Confidential - Attorneys' Eyes Only Information</u>. K2M may also designate information as "Confidential – Attorneys' Eyes Only" based upon a good faith belief that the information constitutes or contains K2M's highly sensitive confidential or personal information, including information which, if placed in the hands of a person or entity other than K2M, may place K2M at a competitive disadvantage. As used in this Agreement, and except as otherwise set forth, "K2M Confidential Information" includes both information designated as "Confidential" and "Confidential – Attorneys' Eyes Only."

4. <u>Permissible Use Of K2M Confidential Information</u>. Any person having access to K2M Confidential Information shall use it solely and strictly for the purposes of the Litigation (including appeals) and not for any business or other purpose; shall not disclose it to anyone other than those persons designated herein, and solely and strictly as necessary for the

purposes of prosecution or defense of the Litigation; and shall handle it in the manner set forth in this Agreement.  The designation of material as K2M Confidential Information shall not itself affect the rights of K2M (or K2M's authorized representative) to give or disclose K2M Confidential Information to any person for any reason, and such giving or disclosing of confidential information shall not be deemed a waiver of this Agreement.

5. <u>Persons With Access To Information Designated as "Confidential"</u>.  Access to information designated as "Confidential" by K2M shall be limited to:

   a. Two Current officers, directors, and employees of Plaintiffs/Counterclaim Defendants, who shall be disclosed to K2M at least five (5) calendar days in advance of any disclosure, to enable K2M to object;

   b. Knapp;

   c. Outside counsel for the parties to the Litigation whose firms have entered an appearance in the Litigation (including counsel's employees, agents and clerical assistants);

   d. Officers, directors, employees, agents, or attorneys of K2M;

   e. The Court, court personnel, and court reporters;

   f. Experts and consultants (including their employees and clerical assistants) who are employed, retained, or otherwise consulted by counsel of record for the parties to the Agreement for the purpose of analyzing data, conducting studies, or providing opinions for assistance in the Litigation.  Such experts and consultants of Plaintiffs/Counterclaim Defendants or Knapp, however, shall not, unless K2M consents in writing, include any person or business entity that is currently engaged in the business of developing, manufacturing, or distributing spinal implants or instrumentation, and shall be disclosed to K2M at least five (5) business days prior to any information designated as "Confidential" being disclosed, to enable K2M to object;

   g. Deposition, hearing, or trial witnesses who previously had access to the information through lawful means;

    h.    Any person indicated on the face of the document or thing as an originator, author or recipient of a copy thereof; and

    i.    Any other person only upon order of Court or stipulation of K2M.

6. <u>Persons With Access To Information Designated as "Confidential – Attorneys' Eyes Only"</u>. Access to information designated as "Confidential – Attorneys' Eyes Only" shall be limited to:

    a.    Outside counsel for the parties to the Litigation whose firms have entered an appearance in the Litigation (including counsel's employees, agents and clerical assistants);

    b.    Knapp;

    c.    Officers, directors, employees, agents, or attorneys of K2M;

    d.    The Court, court personnel, and court reporters;

    e.    Experts and consultants (including their employees and clerical assistants) who are employed, retained, or otherwise consulted by counsel of record for the parties to the Agreement for the purpose of analyzing data, conducting studies, or providing opinions for assistance in the Litigation.  Such experts and consultants of Plaintiffs/Counterclaim Defendants or Knapp, however, shall not, unless K2M consents in writing, include any person or business entity that is currently engaged in the business of developing, manufacturing, or distributing spinal implants or instrumentation, and shall be disclosed to K2M at least five (5) business days prior to any information designated as "Confidential" being disclosed;

    f.    Deposition, hearing, or trial witnesses who previously had access to the information through lawful means;

    g.    Any person indicated on the face of the document or thing as an originator, author or recipient of a copy thereof; and

    h.    Any other person only upon order of Court or stipulation of K2M.

    i.    Should Plaintiffs/Counterclaim Defendants or Knapp disclose K2M Confidential Information to any person(s) listed in Paragraph 5(a), 5(b), 5(e), 5(f), 5(g), 5(h), or

5(i), or Paragraph 6(d), 6(e), 6(f), 6(g), or 6(h), the disclosing party (Plaintiffs/Counterclaim Defendants or Knapp) shall advise such person of the existence of this Confidentiality Agreement and the terms herein (but only to the extent the person is not an officer, director, employee, or attorney of K2M), and, prior to disclosing K2M Confidential Information to any person listed in Paragraph 5(a), 5(f), or 5(i), or Paragraph 6(e) or 6(h), the disclosing party (Plaintiffs/Counterclaim Defendants or Knapp) shall obtain a signed declaration (in the form attached as Exhibit 1 hereto) from such person and provide the executed declaration, Exhibit 1, to counsel to K2M.

7. <u>Filing And Use Of Confidential Information In Court</u>. Unless provided herein, the label "Confidential Subject to Confidentiality Agreement of Plaintiffs/Counterclaim Defendants and K2M" must appear on the front page of all documents filed with the Court that contains K2M Confidential Information. All K2M Confidential Information that bears the label "Confidential" or "Confidential – Attorneys' Eyes Only" shall be filed under seal in accordance with Federal Rule of Civil Procedure 5.2, and United States District Court for the Eastern District of California Local Rule 141. The party wishing to use the "Confidential" or "Confidential – Attorneys' Eyes Only" information shall make the request to seal, and no party shall file or testify in Court concerning K2M "Confidential" or "Confidential – Attorneys' Eyes Only" information unless such information is under seal.

8. <u>Procedures To Designate Confidential Information</u>. For the purposes of this Agreement, "documents" shall have the broadest possible meaning as defined in the Subpoena (and such definitions are incorporated by reference herein).

   a. K2M may designate information which K2M believes, in good faith, to constitute K2M Confidential Information, as defined by this Agreement, as "Confidential" or "Confidential – Attorneys' Eyes Only" in accordance with the provisions of this Agreement. In the case of documents, designation shall be made by placing the words "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" on at least the first page of the document prior to production or, in the case of native

electronic documents, otherwise indicating the designation of the document. K2M may elect to produce original documents for inspection before such documents are marked "Confidential" or "Confidential - Attorneys' Eyes Only". Once specific documents have been designated for copying, any documents containing K2M Confidential Information will then be marked as "Confidential" or "Confidential – Attorneys' Eyes Only" after copying but before delivery to K2M. There will be no waiver of confidentiality by the inspection of K2M Confidential Information before they are copied and marked "Confidential" or "Confidential – Attorneys' Eyes Only" pursuant to this procedure.

b. Whenever a deposition taken of a K2M witness or an inspection of K2M's premises is made which involves a disclosure of K2M Confidential Information:

  i. Said deposition, inspection or portions thereof may be designated as "Confidential" or "Confidential – Attorney's Eyes Only." Such designations shall be made on the record whenever possible, but K2M may designate portions of depositions as "Confidential" or "Confidential – Attorney's Eyes Only" after transcription by no later than ten (10) business days after receipt of the deposition transcript or notice of errata, whichever is later, informing the parties to the Litigation in writing of the portions of the transcript designated "Confidential" or "Confidential – Attorneys' Eyes Only." Such deposition transcripts shall be treated as Confidential – Attorneys' Eyes Only until K2M's review period has expired; and

c. K2M shall have the right to exclude from attendance at depositions or inspections, during time(s) that K2M Confidential Information is or may be disclosed, any person other than a deponent, outside counsel for the Parties (including their staff and associates), the court reporter, and the person(s) agreed upon pursuant to Paragraphs 5 and 6 above. The K2M Confidential Information shall not be disclosed until requirements of this provision have been met or waived; and

      d.      The original transcripts containing K2M Confidential Information and all copies thereof shall bear the legend "Confidential" or "Confidential – Attorneys' Eyes Only" as appropriate.

9.    <u>Retention of Confidential Information</u>.  All K2M Confidential Information which has been designated as "Confidential" or "Confidential – Attorneys' Eyes Only" by K2M, and any and all reproductions thereof shall be retained only in the custody of outside counsel for the parties in the Litigation whose firms have entered their appearance in the Litigation, except that experts and consultants authorized to view such information under the terms of this Agreement may retain custody of such copies as are necessary for their participation in the Litigation.

10.    <u>Disclosure Of Confidential Information In Other Actions</u>.  In the event that a person (the "recipient") subject to this Agreement receives a subpoena related to another action that seeks the production of K2M Confidential Information, the recipient shall, within not more than three (3) business days of receipt of such subpoena, provide notice in writing to K2M, c/o Shannon Hampton Sutherland, Duane Morris LLP, 30 S. 17th St., Philadelphia, PA 19103, SHSutherland@duanemorris.com, and c/o General Counsel, Legal Department, K2M, Inc., 751 Miller Drive, SE, Leesburg, VA 20175.  To the extent permitted by law, the recipient shall not produce the K2M Confidential Information at issue for at least ten (10) business days from the date the recipient receives the subpoena and shall cooperate fully with K2M in contesting the subpoena.

11.    <u>Return Of K2M Confidential Information</u>.  Immediately after entry of final judgment including appeals, or of dismissal in connection with the Litigation, all K2M Confidential Information produced in connection with the Litigation or the Subpoenas, including any copies thereof and summaries or descriptions thereof contained in other documents, shall be returned to K2M.  Alternatively, the receiving parties may destroy such information, including by rendering electronically stored information inaccessible, and the Party in possession of the information shall provide to K2M's undersigned counsel written confirmation of the destruction of the K2M Confidential Information.  This provision does

1     not prohibit outside counsel for the Parties from retaining deposition transcripts in order to
2     maintain complete client files, provided, however, that outside counsel shall retain those
3     copies as Attorneys' Eyes Only, and shall use them solely in connection with the Litigation.

4   12.    <u>Inadvertent Production</u>.  The inadvertent production of any document or other information
5     during discovery in connection with the Litigation or the Subpoenas shall be without
6     prejudice to any claim that such material is subject to the attorney client privilege, joint
7     defense privilege, common interest privilege, or any other applicable privilege, or is
8     protected from discovery as work product within the meaning of Federal Rule of Civil
9     Procedure 26(b)(3).  No party to this Agreement shall be held to have waived any rights by
10     such inadvertent production.   Inadvertent production of information considered K2M
11     Confidential Information without the "Confidential" or "Confidential – Attorneys' Eyes
12     Only" designation shall not constitute a waiver of K2M's right to designate the information
13     produced as K2M Confidential Information.  K2M shall give prompt written notice to
14     Plaintiffs/Counterclaim Defendants and Knapp as soon as the omission is discovered.
15     Plaintiffs/Counterclaim Defendants and Knapp shall then mark as "Confidential" or
16     "Confidential – Attorneys' Eyes Only" all documents or things indicated by K2M as having
17     been produced without such designation, and treat those documents in accordance with this
18     Agreement.  Further, if multiple versions of the same document are produced with different
19     confidentiality designations, the more restrictive designation shall apply to all copies
20     produced even if not so designated.  In reviewing the production of documents produced by
21     K2M, should counsel to Plaintiffs/Counterclaim Defendants or Knapp believe that a
22     particular document is or may be privileged ("Suspect Document"), such attorney (the
23     "Reporting Party") will cease further review of the Suspect Document and shall promptly
24     notify K2M's counsel and opposing counsel in writing and identify the Suspect Document by
25     Bates Number (or, if the document does not bear a Bates Number, by other identifying
26     information).  Once a document is identified as a Suspect Document, then neither
27     Plaintiffs/Counterclaim Defendants nor Knapp, nor their counsel, nor any person (*e.g.*, an
28     expert or consultant) to which such Suspect Document may have been provided shall further

access such Suspect Document or use the information contained therein until such time as counsel for K2M notifies counsel to Plaintiffs/Counterclaim Defendants and Knapp, in writing, regarding whether K2M claims a privilege in the Suspect Document as delineated below.  Within ten (10) business days of receipt of the written notification, counsel for K2M shall in writing notify counsel for Plaintiffs/Counterclaim Defendants and Knapp whether K2M claims a privilege in such Suspect Document.  If privilege is claimed in the Suspect Document, K2M's counsel shall thereafter add the newly identified document to K2M's privilege log reasonably promptly.  Should K2M claim a privilege in such Suspect Document, then such Suspect Document shall thereafter be treated as privileged and eliminated from the computer systems of Plaintiffs/Counterclaim Defendants, Knapp, and their counsel (and any other place where such document may be found).  Should elimination be technically infeasible, then Plaintiffs/Counterclaim Defendants, Knapp, and their counsel, and any other person who had access to the Suspect Document, shall in good faith no longer access such document and shall mark it as privileged in their own systems.  Nothing herein shall prevent Plaintiffs/Counterclaim Defendants or Knapp from challenging through appropriate motion to the Court K2M's designation of the Suspect Document (or any other document) as privileged.  The parties agree and stipulate, however, that the fact of such document having been produced pursuant to the terms of this Agreement will not in any way constitute a waiver of any claimed privilege (in the Litigation or any other matter) nor shall the facts of such production be argued to any court.  Should Plaintiffs/Counterclaim Defendants or Knapp choose to challenge through an appropriate motion to the Court K2M's designation of a Suspect Document as privileged, the Suspect Document shall continue for the duration of such motion practice to be treated as privileged and not accessed by Plaintiffs/Counterclaim Defendants or Knapp, or their counsel, for any purpose.  Rather, such motion shall be limited to the material contained in K2M's privilege log.  Should Plaintiffs/Counterclaim Defendants or Knapp believe it necessary for the document to reviewed by the Court *in camera*, then Plaintiffs/Counterclaim Defendants or Knapp shall so petition the Court for such *in camera* review.  Should the Court determine that a Suspect

Document is privileged, then it shall continue to be treated as privileged as set out herein or as more specifically directed by the Court. Should the Court determine that the Suspect Document is not privileged, then it shall cease to be treated as privileged as directed by the Court.

13. <u>Challenges To Designations Of Confidentiality</u>.

    a. No party to this Agreement concedes that any material designated by any other person as "Confidential" or "Confidential -Attorneys' Eyes Only" does in fact contain or reflect trade secrets, proprietary or confidential information, or has been properly designated as Confidential. Any party to this Agreement may at any time move for relief from the provisions of this Agreement with respect to specific material, as set forth below.

    b. If Plaintiffs/Counterclaim Defendants or Knapp believes that any information labeled as K2M Confidential Information is not properly designated "Confidential" or "Confidential – Attorneys' Eyes Only", Plaintiffs/Counterclaim Defendants or Knapp may, at any time, notify K2M and request a release of confidentiality or modification of the confidentiality designation. Plaintiffs/Counterclaim Defendants, Knapp, and K2M shall attempt in good faith to resolve any dispute that may arise and should only seek appropriate application with the Court in order to protect the rights created by this Agreement after all efforts to privately resolve their dispute have failed. If K2M does not grant the requested release or modification of confidentiality within ten (10) business days, Plaintiffs/Counterclaim Defendants or Knapp may thereafter file a motion exclusively with the Court requesting a determination by the Court as to whether the information at issue shall be treated as "Confidential" or "Confidential – Attorney' Eyes Only" under the terms hereof. If Plaintiffs/Counterclaim Defendants or Knapp files a motion with the Court requesting such a determination, the confidential status of the information shall be maintained pending the Court's ruling on the motion. The burden of proving confidentiality of designated information remains with the person or entity so designating the information. There is no

obligation to challenge the propriety of any designation of information as "Confidential" or "Confidential – Attorneys' Eyes Only" and the failure to do so promptly shall not preclude any subsequent objection to such designation.

14. <u>Reservation Of Rights</u>.  Nothing in this Agreement shall constitute a waiver of any right by K2M to object in whole or in part to any requests for information, documents, inspection, or deposition, and all such objections are preserved.  Nothing in this Agreement shall be construed as an admission or acquiescence by K2M that any request for information, documents, inspection, or deposition is permissible, the proper subject of discovery or inquiry, relevant, not burdensome, or admissible.

15. <u>Jurisdiction, Venue, and Choice of Law</u>.  Plaintiffs/Counterclaim Defendants, Knapp, and K2M and any other person or entity subject to the terms of this Agreement agree that the United States District Court for the Eastern District of California shall have personal jurisdiction over it/them with respect to this Agreement, exclusive jurisdiction over the subject matter of this Agreement, and exclusive venue with respect to this Agreement, for the purposes of enforcing this Agreement, notwithstanding any subsequent disposition of the Litigation.  Plaintiffs/Counterclaim Defendants, Knapp, and K2M and any other person or entity subject to the terms of this Agreement further agree that California law shall govern any action to enforce or relating to this Agreement.

16. Production or disclosure of information designated as "Confidential" or "Confidential – Attorneys' Eyes Only" according to the provisions of this Agreement shall not prejudice the right of any person making that production or disclosure to maintain the trade secret status or confidentiality of that information in other contexts.

17. This Confidentiality Agreement may be signed in counterparts.

| | |
|---|---|
| COUNSEL FOR PLAINTIFFS/<br>COUNTER DEFENDANTS<br>SYNTHES, INC. &<br>DEPUY SYNTHES SALES, INC.: | COUNSEL FOR<br>DEFENDANT/COUNTERCLAIM<br>PLAINTIFF GREGORY KNAPP: |
| /s/ Michael Lester Ludwig<br>Blank Rome LLP<br>2029 Century Park East<br>6th Floor<br>Los Angeles, CA 90067<br>(t) 424.239.3400<br>(f) 424.239.3434<br>ludwig@blankrome.com | /s/ Malcom S. Segal<br>Malcolm S. Segal<br>Segal & Associates, PC<br>400 Capitol Mall, Suite 2550<br>Sacramento, CA 95814<br>(t) 916.441.0886<br>(f) 916.475.1231<br>Email: msegal@segal-pc.com |
| /s/ Anthony B. Haller<br>Anthony B. Haller, PHV<br>Scott F. Cooper, PHV<br>Andrew B. Cohen, PHV<br>Blank Rome LLP<br>One Logan Square<br>130 North 18th Street<br>Philadelphia, PA 19103-6998<br>(t) 215.569.5690<br>(f): 215.832-5690/5463/5487<br>haller@blankrome.com<br>cooper@blankrome.com<br>cohen-a@blankrome.com | /s/ John P. McShea III<br>John P. McShea, III , PHV<br>McShea Law Firm, P.C.<br>Centre Square, West Tower<br>1500 Market Street<br>40th Floor<br>Philadelphia, PA 19102<br>(t) 215.599.0800<br>(f) 215.599.0888<br>jmcshea@mcshealawfirm.com |

COUNSEL FOR K2M, INC.:

/s/ Allegra Jones
ALLEGRA JONES
Duane Morris LLP
Spear Tower
One Market Plaza, Suite 2200
San Francisco, CA 94105-1127
(t) 415.957.3235
(f) 415.704.3451
AAJones@duanemorris.com


/s/ Shannon Hampton Sutherland
SHANNON HAMPTON SUTHERLAND
Of Counsel
Duane Morris LLP
30 South 17th Street
Philadelphia, PA 19103
(t) 215.979.1104
(f) 215.689.4956
SHSutherland@duanemorris.com

**Exhibit 1 to Confidentiality Agreement**

DECLARATION

I, _____, hereby understand and agree that information and/or documents designated as Confidential Information shall be provided to me subject to the terms and conditions set forth in the Confidentiality Agreement for the Discovery Of Confidential Information from K2M, Inc. and Its Employees (the "Agreement"), which was agreed to by Synthes, Inc., DePuy Synthes Sales, Inc., Gregory Knapp, and K2M, Inc. in connection with the matter entitled *Synthes, Inc. et al. v. Gregory Knapp*, United States District Court for the Eastern District of California, No. 2:13-cv-02261 (the "Litigation") and a subpoena issued out of the same Court to K2M, Inc..

I hereby acknowledge that I have been given a copy of and have read the Agreement. I agree that I shall not disclose the information and/or documents to others and that the information and/or documents shall be used only for the purpose of the Litigation. I agree that, following the conclusion of the Litigation, I will return or destroy all K2M Confidential Information, including all copies thereof and all summaries or descriptions thereof contained in other documents.

I further agree to be bound by the terms of the Agreement and to subject myself to the exclusive jurisdiction of and venue of the United States District Court for the Eastern District of California and California law for the enforcement of the Agreement and understand that, in the event that I fail to abide by the terms of the Agreement, I may be subject to sanctions by the Court.

Date: _____        _____
                                                            Name

**ORDER**

Pursuant to the parties' stipulation, IT IS SO ORDERED.

Dated: December 16, 2014

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

Ddad1\orders.civil
synthes2261.stip.prot.ord.doc